**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATHANIEL SONKISS, by his Guardian
BARBARA KRASNY,

       Plaintiff,

                                 Case No. 05-CV-74519-DT

v.

ENCOMPASS PROPERTY AND CASUALTY
COMPANY,

       Defendant.
                                         /

**ORDER DENYING PLAINTIFF'S "MOTION FOR REMAND"**

Pending before the court is Plaintiff Nathaniel Sonkiss's motion to remand this case to state court. The court conducted a hearing in this matter on February 8, 2006. For the reasons stated below, the court will deny Plaintiff's motion.

On October 31, 2005, Plaintiff Nathaniel Sonkiss, by his guardian Barbara Krasny, filed a complaint in state court relating to his request for personal protection insurance benefits arising out of his injuries resulting from a motor vehicle accident he was involved in on May 18, 2005. (Compl. at ¶ 7.) Defendant removed the case to this court on November 29, 2005. Plaintiff is a Michigan resident and Defendant Encompass Property and Casualty Company is an Illinois insurance company. (Def.'s Resp. at 5.) On December 29, 2005, Plaintiff filed the instant motion pursuant to 28 U.S.C. §1447(c), requesting that the court to remand this case to state court.[1] (Pl.'s

---

[1] On January 5, 2006, Plaintiff filed a "Supplemental Motion For Remand to Washtenaw County Circuit Court."

Mot. at 1.)  The dispositive issue here concerns whether this court has jurisdiction

based on 28 U.S.C. §1332.

Plaintiff argues that "pursuant to 28 U.S.C. § 1332(c)(1), an insurer shall be

deemed a citizen of the State of which the insured is a citizen in any direct action

against the insurer.  Furthermore, they elect to sell Michigan no-fault insurance and

should be subject to state jurisdiction."  (Pl.'s Mot. at ¶ 6.)  This issue has been

addressed in several cases, including *Watkins v. Allstate Insurance Company*, 503 F.

Supp. 848 (E.D. Mich. October 3, 1980).  In *Watkins*, a Michigan plaintiff filed suit

against the defendant, an Illinois corporation with its principal place of business in

Illinois, for benefits under the Michigan No-Fault Act.  *Id.* at 849.  After the defendant

had removed the matter to federal court, the plaintiff sought to remand it to state court.

*Id.*  The *Watkins* court denied the plaintiff's motion, holding that "the instant action is not

a direct action for liability insurance within the meaning of the statute."  *Id.* at 850.  This

case is in line with the Sixth Circuit, which recently held in *Herring v. State Farm Mutual*

*Automobile Insurance Company*, 2005 WL 3071902, No. 05-73556, (E.D. Mich.

November 16, 2005), that "[t]he Sixth Circuit clearly rejects applying the 'direct action'

provision of § 1332(c)(1) to a 'dispute solely between an insured and [his] own

insurance company.'"  *Id.* at *1 (quoting *Lee-Lipstreu v. Chubb Group of Ins. Co*, 329

F.3d 898, 900 (6th Cir. 2003)); *see also Henry v. Wausau Business Ins. Co.*, 351 F.3d

2

710, 713 (6th Cir. 2003).  Based on Sixth Circuit precedent, diversity jurisdiction exists

under § 1332.  Accordingly,

 IT IS ORDERED that Plaintiff's "Motion to Remand" [Dkt. # 5] is DENIED.


     S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE


Dated:  February 22, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 22, 2006, by electronic and/or ordinary mail.


     S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522


S:\Cleland\JUDGE'S DESK\Odd
Orders\05-74519.SONKISS.DenyingPl.'sRemandMotion.wpd